IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| United States of America, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | Case No. 3:21-cr-50064-1 |
| v. ) | |
| ) | Magistrate Judge Lisa A. Jensen |
| Brandon Simonson, ) | |
| ) | |
| *Defendant*. ) | |

**MEMORANDUM OPINION AND ORDER**

For the reasons stated below, Defendant's motion for a recommendation for a Bureau of Prisons transfer [45] is denied without prejudice.

**DISCUSSION**

On December 7, 2021, Defendant Brandon Simonson was charged by indictment with second-degree murder, conspiracy to commit murder, a hate crime, and assault. Dkt. 2. The indictment alleges that Defendant and his co-defendant are part of a white supremacist group, and they assaulted and murdered another inmate at the United States Penitentiary in Thomson, Illinois (USP Thomson) because they believed he was Jewish. At an initial appearance and arraignment on January 6, 2022, Defendant was detained pending trial. However, because Defendant is currently serving a sentence that was imposed following a 2015 conviction in the United States District Court of Minnesota, he was returned to his Bureau of Prisons (BOP) location at USP Thomson to be detained. Defendant's projected release date for his 2015 conviction is April 2028.

Before the Court is Defendant's motion seeking to have this Court recommend to the BOP that he be transferred from USP Thomson to a different BOP facility closer to defense counsel. Dkt. 45. Defendant argues that his counsel cannot adequately and effectively defend him due to:

1

(1) the 150-mile distance between USP Thomson and defense counsel's office in Chicago; and (2) staffing issues and restrictions at USP Thomson that make it difficult to discuss and review discovery with defense counsel. The Government responds that this Court does not have the authority to review the BOP's facility designation for Defendant and Defendant has not established a violation of his right of access to counsel such that transfer to another facility is warranted.

The Government, citing 18 U.S.C. § 3621(b), asserts that the BOP has the sole responsibility to determine the facility where a prisoner in its custody will serve their sentence. *See* 18 U.S.C. § 3621(b) ("The Bureau of Prisons shall designate the place of the prisoner's imprisonment."). Defendant does not dispute that the BOP alone has the statutory authority to designate a prisoner's place of imprisonment. However, Defendant is detained pending trial in the instant case. Accordingly, through this Court's detention order and pursuant to 18 U.S.C. § 3142(i)(3), Defendant must be afforded a "reasonable opportunity for private consultation with counsel" while being detained pending trial. Accordingly, this Court is limited to determining whether Defendant's current facility placement impairs his ability to prepare his defense or otherwise interferes with his right to counsel in the instant case. *See Falcon v. U.S. Bureau of Prisons*, 52 F.3d 137, 139 (7th Cir.1995) ("Section 3142(i)(3) is designed to protect a defendant's Sixth Amendment right to counsel, and if that right is being infringed, [the judge] has the statutory authority to protect [the defendant's] access to counsel.").

Defendant first argues that at a facility closer to Chicago, defense counsel would be able to visit with him more frequently. As the Government points out, Defendant does not cite any legal authority to support his request for a transfer in this case. The Government cites two cases in support of its argument that the 150-mile distance has not denied Defendant a reasonable opportunity to consult with counsel. Govt.'s Resp. at 8, Dkt. 50 (citing *United States v. Lucas*, 873

2

F.2d 1279, 1280-81 (9th Cir. 1989) (holding that a defendant's pretrial detention in a facility 120 miles away from counsel did not constitute an actual or constructive denial of the assistance of counsel); *United States v. Echeverri*, No. 91-CR-885 (DRH), 1992 WL 81876, at *2 (E.D.N.Y. Mar. 31, 1992) (finding that a 200-mile round trip distance for an attorney visit "may inconvenience defense counsel, but it does not deprive defendant of his right to a reasonable opportunity to consult with counsel")). In his reply brief, Defendant does not distinguish these cases or otherwise argue that he is being prevented from extended visit times with counsel given the 150-mile distance counsel must travel to meet his client. Although lengthy travel is inconvenient and frequent meetings assist in providing a defense, Defendant has not shown that the distance alone prevents him from consulting with counsel to assist in his defense. Absent a statutory or constitutional claim of inadequate access to counsel, Defendant's preference to be closer to counsel is insufficient.

Defendant next argues that the staffing issues and restrictions at USP Thomson make it difficult to review discovery. Although Defendant makes a brief reference to staffing issues and delays in scheduling in-person visits and telephone calls with Defendant, Defendant does not elaborate. Instead, Defendant acknowledges that his counsel has seen "some improvement" recently in scheduling visits and calls with Defendant. Def.'s Mot. at 1, Dkt. 45. Moreover, the Government reports, without contradiction, that Defendant has received two requests for legal phone calls from defense counsel in July 2022 and that no legal phone calls have been denied. Without more, Defendant has not sufficiently shown that scheduling delays impair his right of access to counsel.

Regarding access to discovery, Defendant argues that the thick glass in the visiting rooms "seriously impede" counsel's ability to show him documents and videos. Defendant is currently

3

housed at USP Thomson in the Special Management Unit (SMU). The Government states that the BOP designates inmates to the SMU "where enhanced management is necessary to ensure the safety, security, or orderly operation of Bureau facilities, or protection of the public." Govt.'s Resp. at 2, Dkt. 50. The Government further states that the BOP ordered Defendant placed in the SMU due to behavioral and disciplinary infractions incurred at other BOP institutions. For the reasons outlined in the Government's brief, Defendant is considered a high security inmate. As such, a glass partition between him and counsel is necessary for safety and security purposes. Nevertheless, Defendant does not argue that such a partition prevents him from reviewing discovery entirely. Again, while inconvenient, Defendant has not shown that he is prevented from assisting in his defense. *See United States v. Wade*, No. 307-CR-00111-RRB-JDR, 2009 WL 3837151, at *1 (D. Alaska Nov. 13, 2009) ("Mr. Wade must proffer some evidence to show that he is, in fact, unable to effectively assist counsel due to the conditions of his confinement. The burden of proof is on the moving party.").

All prisoners are entitled to be housed in a facility that satisfies statutory and constitutional requirements. However, Defendant admits that he is not alleging a violation of his right of access to counsel. Instead, Defendant is seeking transfer to "a facility where he would be able to have better and more frequent contact with his attorneys." Def.'s Reply at 1, Dkt. 51. Defendant claims that without a transfer, a trial or other disposition of this case "will take inordinately longer." Def.'s Mot. at 2, Dkt. 45. Based on the instant record, Defendant has not provided any basis for this Court to second-guess the BOP's determination regarding Defendant's placement. Where Defendant has not shown that he is not receiving reasonable access to private consultation with defense counsel or that he is otherwise prevented from assisting his counsel in his defense, this Court does not find judicial intervention into Defendant's facility designation warranted.

## CONCLUSION

Accordingly, Defendant's motion for a recommendation for a BOP transfer [45] is denied without prejudice.

Date: October 11, 2022        By: _____
                                                   Lisa A. Jensen
                                                   United States Magistrate Judge