UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>BRANDON SIMONSON | No. 21 CR 50064-1<br><br>Honorable Judge Iain D. Johnston<br><br>Magistrate Judge Lisa A. Jensen |

**FIRST AMENDED
PROTECTIVE ORDER GOVERNING DISCOVERY**

Upon the agreed motion of the government, pursuant to Fed. R. Crim. P. 16(d) and 18 U.S.C. § 3771(a)(1) and (8), it is hereby ORDERED:

1. This First Amended Protective Order shall apply to certain documents, materials, manuals, books, papers, data, or other objects produced in connection with this case, pursuant to Rule 16, and marked "CONFIDENTIAL – DEFENDANT MAY VIEW BUT NOT POSSESS" ("CONFIDENTIAL INFORMATION"). This Protective Order shall apply to: 1) the government, its agents, consultants and experts; 2) the Defendants, through the Office of the Federal Defender Program and/or CJA counsel, its agents, consultants and experts; 3) the Court and its staff; 4) other parties identified only by amendment to this Order.

2. Unless otherwise agreed to by the parties, or ordered by this court, CONFIDENTIAL INFORMATION may be viewed, but not retained, by the Defendant.

3. The government may designate and disclose as CONFIDENTIAL INFORMATION: 1) non-privileged communications of the Defendants; 2)

communications between the Department of Justice, the Federal Bureau of Investigation, and the Federal Bureau of Prisons; 3) documents containing information exempted from disclosure under the Freedom of Information Act; 4) documents containing information subject to the Health Insurance Portability and Accountability Act (HIPPA); 5) documents disclosing the Bureau of Prisons' sensitive deliberative process; 6) documents disclosing institutional adjustments of inmates; and 7) information protected by the Privacy Act of 1974.

4. The government may designate and disclose as ATTORNEYS' EYES ONLY documents disclosing 1) internal operations of the Federal Bureau of Prisons, [here, the United States Penitentiary in Thomson, Illinois (USP Thomson)] relating to institutional security and/or safety; 2) documents disclosing sensitive, internal law enforcement operations or techniques; 3) specific information about or provided by inmate witnesses that if disclosed to defendants could threaten the safety and wellbeing of the inmate witness(es) and/or the BOP facility that houses the inmate.

5. CONFIDENTIAL INFORMATION shall not be disclosed or used for any purpose except proceedings in this case.

6. This Order applies only to the dissemination of CONFIDENTIAL INFORMATION and is not intended to interfere with or prevent defense counsel from building general institutional knowledge in preparation of the defense. The protections granted by this Protective Order shall not be waived.

7. CONFIDENTIAL INFORMATION may be reproduced electronically for litigation management purposes only. Electronically reproduced CONFIDENTIAL INFORMATION must retain the "CONFIDENTIAL – DEFENDANT MAY VIEW BUT NOT POSSESS" watermark, header or footer. Information marked ATTORNEYS' EYES ONLY must retain the "ATTORNEYS' EYES ONLY" watermark, header or footer and may not be reproduced electronically and shall remain with the defense counsel. Neither the ATTORNEYS' EYES ONLY materials nor identification information contained therein may be disclosed by defendant's counsel directly or indirectly to the defendant. ATTORNEYS' EYES ONLY materials may be disclosed to persons or entities employed to assist in the defense of the defendant, but defendant's counsel must provide such persons and entities a copy of this Order in advance of receipt of ATTORNEYS' EYES ONLY materials and such persons and entities are subject to the restrictions of this Order placed upon the ATTORNEYS' EYES ONLY" materials and in the same manner as if they were defendant's counsel, excluding that they are not authorized to further disclose ATTORNEYS' EYES ONLY materials. Disclosures by defendant's counsel of ATTORNEYS' EYES ONLY materials beyond these are not authorized without prior notice to the government and authorization from the Court.

8. The government had previously labeled video and audio recorded witness statements as ATTORNEY'S EYES ONLY. The government and defense have agreed that the defendant may view those recorded statements in transcribed

form and/or audio. The defense counsel has further agreed to provide the transcriptions and agrees that they are not official transcripts of the statements. This agreement is made to avoid compromising the witness's identity, but at the same time providing the defendant the opportunity to review the evidence of this case with his attorney.

9. Transmittal of CONFIDENTIAL INFORMATION: A copy of this Order shall accompany CONFIDENTIAL INFORMATION transmitted to an agent, consultant, or expert retained by either party. The transmitting party shall obtain from each recipient, a dated, signed acknowledgment of receipt of this Order and the CONFIDENTIAL INFORMATION transmitted, identified by bates number, or data file.

10. CONFIDENTIAL INFORMATION attached to a pleading shall be filed as a restricted document in conformance with N.D.Ill.L.Cr.R 5.8, and will maintain all original "CONFIDENTIAL INFORMATION" watermarks, headers and footers.

11. CONFIDENTIAL INFORMATION offered as an exhibit in pretrial proceedings must be submitted with all original "CONFIDENTIAL INFORMATION" watermarks, headers and footers and will be docketed as restricted.

12. Watermarks, headers, footers, and other indicia identifying a document as "CONFIDENTIAL – DEFENDANT MAY VIEW BUT NOT POSSESS" must be removed from any trial exhibit before the exhibit is tendered to a witness and/or disclosed to a jury. The government will cooperate with the defendant in the removal

process prior to trial. Upon conclusion of the proceedings before this Court, all exhibits subject to this provision shall be returned to the government and preserved as modified under this provision for the record on appeal.

13. A party may object to the designation of discovery as CONFIDENTIAL INFORMATION and/or ATTORNEYS' EYES ONLY. Objections shall be filed within the deadline for filing of pretrial motions, or no later than 10 days after receipt of discovery tendered after the motions filing deadline. Documents subject to objection shall be filed as restricted, consistent with the provisions of this Order. Before filing any objection under paragraph 11, the objecting party must confer with counsel for the government to resolve any objections.

14. In an effort to avoid any inadvertent disclosure of documents that contain sensitive information, all document produced to Defendant's attorneys pursuant to this Addendum, if attached, to a public filing by Defendant's attorneys, will be filed under seal.

15. The Office of the Federal Public Defender and/or CJA counsel may retain a single electronic copy of the materials designated as CONFIDENTIAL INFORMATION. The digital file shall retain any original marks of "CONFIDENTIAL – DEFENDANT MAY VIEW BUT NOT POSSESS" designated as subject to a protective order and maintained with this Order.

16. The parties shall maintain a record of compliance with this Order.

17. This Protective Order supersedes all previously entered protective orders and addendums.

18. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

ENTER:

_____
LISA A. JENSEN
Magistrate Judge
United States District Court
Northern District of Illinois

Date: September 27, 2023